

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

98 JUL 17 PM 3: 26
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BILLY W. JONES, | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV 98-N-0781-NE |
| | ] | |
| MARK B. FLAKE, | ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED
JUL 1 7 1998

**Memorandum of Opinion**

On June 24, 1998, the magistrate judge filed his report and recommendation in which he recommended that this action be dismissed pursuant to the automatic review provisions of Title 28 U.S.C. § 1915A(b). The parties were notified that they had fifteen (15) days in which to file objections to the report and recommendation, but no objections have been filed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, the court is of the opinion that the action should be dismissed as frivolous but for reasons different from those cited by the magistrate. Title 28 U.S.C. § 1915A provides that the court shall screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." In the present case, however, defendant Mark B. Flake is neither a governmental entity, an officer, nor an employee of a governmental entity. Instead, it appears from the complaint that he is appointed counsel to Mr. Jones in a criminal proceeding now pending in the Circuit Court of Madison County, Alabama. Thus,

8

according to its terms, the screening provisions of section 1915A are not applicable to the present matter.

However, under controlling decisional authority entirely apart from the provisions of Title 28 U.S.C. § 1915A, "[a] complaint is frivolous 'where it lacks an arguable basis in either law or in fact.'" *Neitzke v. Williams*, 104 L. Ed. 2d 338 (1989). The Supreme Court has also stated that under 28 U.S.C. § 1915(d), judges are accorded "not only the authority to dismiss a claim based on an indisputable, meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke, supra* at 348.[1] Here, it is plain that the defendant wishes to invoke the power of this court to interfere with and control proceedings in a criminal matter now pending in a court of the State of Alabama. Under any number of theories, this is something he may not do. Because the claim is legally frivolous, it will be dismissed.

Done, this 17th of July, 1998.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

---

[1] The former section 1915(d) is now included in and codified at 28 U.S.C. § 1915(e)(2).